**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 13-4983**

―――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JERRY LEROY MCMAHAN, JR.,

              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Timothy M. Cain, District Judge.
(6:13-cr-00116-TMC-1)

―――――――――

Submitted:  June 18, 2014          Decided:  September 25, 2014

―――――――――

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

James B. Loggins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   Maxwell B. Cauthen, III,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Leroy McMahan, Jr., pled guilty pursuant to a plea agreement to one count each of producing counterfeit obligations, in violation of 18 U.S.C. § 471 (2012), and of uttering counterfeit obligations, in violation of 18 U.S.C. § 472 (2012), and was sentenced to seventy-two months in prison. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he has reviewed the record in this case and found no meritorious issues for appeal. Counsel nonetheless indicates that McMahan wishes to challenge his upward departure sentence.

McMahan has filed a pro se supplemental brief, in which he asserts that the district court erred when it: (1) imposed an upward departure sentence because the district court did not (a) provide a written statement articulating the reasons for its departure or relate its reasons to the Guidelines, or (b) properly calculate the extent of the departure; and (2) enhanced his offense level two levels for his possession of a dangerous weapon. The Government has declined to file a responsive brief. Concluding that the district court did not err, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S.

2

38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless the court can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

We discern no procedural or substantive sentencing error by the district court. Most notably, a review of McMahan's sentencing hearing establishes that the district court correctly calculated McMahan's Guidelines range at thirty-seven-to-forty-six months in prison, including properly increasing

3

McMahan's offense level two levels, pursuant to USSG § 2B5.1(b)(4) (2012), because he was in possession of a sawed-off shotgun at the time of his arrest.

The district court afforded counsel an adequate opportunity to present argument regarding an appropriate sentence under the § 3553(a) factors, gave McMahan an opportunity to allocute, and ultimately sentenced McMahan to seventy-two months in prison, which was twenty-six months above the top of McMahan's recommended Guidelines range. The district court imposed an upward departure sentence based on the inadequacy of McMahan's criminal history category, in accordance with U.S. Sentencing Guidelines Manual § 4A1.3(a) (2012). We discern no error in the district court's method of calculating the extent of the departure, and find that the district court adequately articulated its reasons for the departure. Thus, we hold that the district court's explanation for McMahan's sentence allows for sufficient appellate review. See Carter, 564 F.3d at 328 ("[T]he district court must state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority") (internal quotation marks omitted).

4

We have examined the entire record in accordance with our obligations under Anders and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This Court requires that counsel inform McMahan, in writing, of the right to petition the Supreme Court of the United States for further review. If McMahan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McMahan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED